

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 17, 2014
```

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DONNA A. CANFIELD**
*Assistant Corporation Counsel*
phone: (212) 356-2461
email: dcanfiel@law.nyc.gov

December 9, 2014

**BY ECF**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

    Re: Catapano-Fox v. City of New York et al.
       Civil Action Number: 14 CV 8036
       Law Manager Number: 2014-036308

Dear Judge Failla:

  I am the Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to represent the City of New York ("City"), Richard Emery, and Bishop Mitchell Taylor (collectively "Defendants") in the above-referenced matter. I write in accordance with Section 4.A of Your Honor's Individual Rules of Practice in Civil Cases to request a pre-motion conference to discuss Defendants' anticipated motion to dismiss the Complaint.

  Plaintiff, the former Executive Director of the New York City Civilian Complaint Review Board ("CCRB") alleges that she was unlawfully terminated in retaliation for making numerous complaints regarding (1) the sexual harassment of CCRB employees by defendant Bishop Mitchell Taylor ("Taylor"), a CCRB Board member, and (2) the discriminatory policies and procedures implemented by defendant Richard Emery ("Emery"), Chairman of the CCRB. Plaintiff brings these allegations of unlawful retaliation pursuant Section 1981 of the Civil Rights Act of 1986, 42 U.S.C. § 1981, the New York State Human Rights Law, New York Executive Law §§ 290 et seq. ("SHRL"), the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-107 et seq. ("CHRL"), New York Civil Service Law 75-b ("§ 75-b"), as well as plaintiff's alleged contractual rights pursuant to the CCRB's Employment Manual and Code of Conduct and the Citywide Employee Orientation Manual.

Defendants anticipate making a motion to dismiss the Complaint on several bases. First, plaintiff has not stated a claim upon which relief can be granted to the extent she alleges she was retaliated against in violation of § 1981, the SHRL, or the CHRL.  Second, plaintiff failed to plead compliance with the applicable requirement to file a notice of claim on her § 75-b claim, and also otherwise fails to state facts sufficient to support this claim.  Finally, plaintiff has not stated a breach of contract claim.

### A.     Plaintiff's Allegations of § 1981 Retaliation Fail to State a Claim Upon Which Relief Can Be Granted

In order to establish a claim under § 1981, a plaintiff must allege facts to support the following elements: (1) the plaintiff is a member of a racial minority; (2) the defendant intended to discriminate against plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, etc.).  See Mian v. Donaldson, Lufkin & Jenrette Securities Corporation, 7 F.3d 1085, 1087 (2d Cir. 1993).  Here, plaintiff's allegations of § 1981 retaliation fail because she asserts no facts to establish that she is a member of a racial minority entitled to the protections contemplated by § 1981.  To the extent plaintiff is claiming § 1981 retaliation on the grounds that she is a non-minority seeking to vindicate the rights of racial minorities, plaintiff's complaint contains no allegations regarding the § 1981 contract rights she sought to vindicate, how or when those rights were being violated, or who, specifically, violated the § 1981 contract rights of racial minorities.  See Albert v. Carovano, 851 F.2d 561, 572 (2d Cir. 1988); see also Hall v. New York Hospital, 2003 U.S. Dist. LEXIS 22039 (S.D.N.Y. December 5, 2003).  Plaintiff's § 1981 retaliation claims should therefore be dismissed.

### B.     Plaintiff Fails to State a Claim for Retaliation Under the SHRL and the CHRL

Although the elements of a prima facie case for retaliation differ slightly between the SHRL and the CHRL, under each law, a plaintiff must demonstrate that a causal connection exists between the alleged adverse action and the protected activity.  Stavis v. GFK Holding, Inc., 769 F. Supp. 2d 330, 339 (S.D.N.Y. 2011) (SHRL); Jimenez v. City of N.Y., 605 F. Supp. 2d 485, 528 (S.D.N.Y. 2009) (CHRL).  As an initial matter, plaintiff has alleged no facts to support her claim that she registered complaints concerning racially discriminatory practices in employment that receive protection under either the SHRL or the CHRL.  Next, to the extent plaintiff engaged in protected activity when she reported acts of alleged sexual harassment that occurred prior to her employment at the CCRB, plaintiff's retaliation claim also fails since the temporal relationship between her alleged complaints and her termination is too attenuated to establish such a causal link.

### C.     Plaintiff's § 75-b Claim Fails

New York General Municipal Law § 50-i specifies that no action alleging negligence or wrongful acts on the part of a municipality may be filed unless a notice of claim has first been served upon the municipality in accordance with New York General Municipal Law §50-e.  See N.Y. Gen. Mun. Law §§ 50-e, 50-i. These requirements apply to state law personal injury claims brought in federal court, including those pursuant to § 75-b of the Civil Service Law of New York.  Dingle v. City of New York, 2010 U.S. Dist. LEXIS 76431 at *26

(July 28, 2010). Plaintiff has failed to plead compliance with applicable notice of claim requirements, and her § 75-b claims are therefore barred.

Assuming plaintiff's compliance with notice of claim requirements, however, plaintiff's claims against the individual defendants should be dismissed because causes of action under § 75-b can only be brought against government entities, not individuals. See Kirwin v. New York State Office of Mental Health, 665 F. Supp. 1034, (E.D.N.Y. 1987). Additionally, there are no facts to suggest that plaintiff disclosed to a governmental body information regarding what she reasonably believed was an improper governmental action. Merely reporting alleged misconduct to the individuals allegedly guilty of the misconduct is insufficient to state a cause of action under § 75-b.

### D. Plaintiff's Breach of Contract Claim Fails

Plaintiff appears to assert a breach of contract claim based on the premise that the CCRB's Employee Manual and Code of Conduct, among others, are implied contracts. Routinely issued employee manuals, handbooks and policy statements are generally not binding employment agreements. Moreover,

> "[i]t is well settled that neither party has a cause of action for breach of contract where the contract is one for employment at will. In order for an employee to prevail on an action for breach of an employment contract, he must show that the contract was for a specific duration, or that he expressly conditioned acceptance of the job on the employer's assurance that he would not discharge him without cause." Mayer v. Publishers Clearing House, 205 A.D.2d 506, 507 (2d Dep't 1994) (citations omitted).

Here, there is no allegation that the alleged contract was for a specific period of time or that there was an express condition that plaintiff would not be discharged without cause. Accordingly, plaintiff's breach of contract claims should be dismissed.

                        Respectfully submitted,

                        ECF           /s/
                        Donna A. Canfield
                        Assistant Corporation Counsel
                        dcanfiel@law.nyc.gov

cc: Douglas H. Wigdor
    Michael J. Willemin
    (by ECF)

Application GRANTED.  The parties shall appear before the
Court for a pre-motion conference on December 30, 2014, at
10:00 a.m.

Dated: December 17, 2014          SO ORDERED.
       New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE